IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

THOMAS K. PERKINS                                                                                              PLAINTIFF

v.                                    Civil No. 12-2166

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                          DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Plaintiff, Thomas Perkins, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed his DIB application on June 29, 2009, alleging an onset date of March 23, 2008, due to overpronation of the feet, a history of a cerebrovascular accident, hypertension, stable angina, bradycardia, degenerative changes in the right shoulder, old rib trauma, atherosclerotic heart disease, intermittent atrial fibrillation, cardiac arrhythmia, left leg fracture, musculoskeletal impairment, mental impairment, and chronic fatigue. Tr. 119-128, 136, 151-152. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 68-72. An administrative hearing was held on April 13, 2010. Tr. 21-67. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 53 years old and possessed an high school education and one year of VoTech training as a machinist. Tr. 27, 141, 143-150. He had past relevant work

("PRW") experience as a last puller, gear cutter, turning lathe operator, forklift operator, and hand packager Tr. 28-36, 57, 137.

On October 13, 2010, the ALJ issued a partially favorable decision. Tr. 12-17. He concluded that prior to February 6, 2010, Plaintiff did not have a medically determinable severe impairment. Tr. 14-15. However, beginning February 6, 2010, the ALJ determined that Plaintiff's left tibula-fibular fracture status post an open reduction and internal fixation with plates, screws, and an intramedullary rod constituted a severe impairment, but concluded it did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 16. However, he found that as of February 6, 2010, Plaintiff retained the residual functional capacity ("RFC") to perform no more than sedentary work. Pursuant to Medical-Vocational Rule 201.14, a finding of disabled was required. Tr. 17.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on May 29, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 6, 7.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966

(8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if

AO72A
(Rev. 8/82)

the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's determination that Plaintiff did not suffer from a medically determinable severe impairment prior to February 6, 2010. In applying the second step of the sequential evaluation process used in social security cases, "[o]nly those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking" the subsequent steps of the evaluation process. *Brown v. Bowen*, 827 F.2d 311, 312 (8th Cir.1987) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 158, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (O'Connor, J., concurring)). "Great care" should be exercised in applying the second, or "not severe impairment", step of the evaluation process, and if an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the claimant's ability to do basic work activities, the process should not end, but instead, move on to the next step. *Gilbert v. Apfel*, 175 F.3d 602, 604–05 (8th Cir.1999).

In the present case, Plaintiff has alleged an onset date of March 23, 2008. On this date, Plaintiff states that his employer's building burned, leaving him unemployed. However, he also testified that prior to the fire he had begun experiencing problems with his feet that made it both difficult and painful for him stand and walk as required for a full day's work. Tr. 37. And, although he admitted that he would have continued to work had the building not burned, he also indicated that he would not have been able to work much longer due to his feet. Tr. 37-39. After reviewing the medical evidence, we find that the record supports Plaintiff's contention that the impairment of his feet was severe prior to February 6, 2010.

In May 2008, Dr. Patty K. Pettway indicated that Plaintiff's feet were significantly pronated. Tr. 201. On August 17, 2009, he underwent a general physical exam with Dr. Rebecca Floyd. Tr. 217-220. He complained of chronic bilateral foot pain, reporting that the pain had began approximately five to seven years earlier. Tr. 217-220. An examination revealed bilateral flat feet with limited plantar flexion. Dr. Floyd diagnosed Plaintiff with bilateral flat feet, and assessed him with a mild to moderate prolonged standing limitation.

On January 15, 2010, Dr. Pettway completed an RFC assessment. Tr. 258-60. She opined that Plaintiff had severely pronated ankles with fallen transverse and longitudinal arches, making it difficult for him to walk. Dr. Pettway indicated that Plaintiff could stand and walk for a total of eight hours in a workday, but stated that this would be very painful for him. Further, if he worked eight hours one day, she felt he would not be able to work the following day. Tr. 258-260.

It seems clear to the undersigned that Plaintiff's pronated ankles and fallen transverse and longitudinal arches constituted more than a slight impairment that would have interfered with his ability to work prior to February 6, 2010. Therefore, we find that remand in necessary to allow the ALJ to reconsider the evidence concerning Plaintiff's bilateral foot impairment, and to conduct the analysis required in steps three through five of the sequential evaluation process.

On remand, the ALJ should also revisit the evidence documenting the degenerative condition in Plaintiff's shoulder and his unstable hypertension and atrial fibrillation that appear to have resulted in some dizziness and lighheadedness. Whether or not these impairments are found to be severe, they should be included in the RFC assessment. 20 C.F.R. § 404.1545(a) (ALJ is required to determine RFC based on the combined effects of both the severe and non-severe medically determinable impairments; *see Casey v. Astrue,* 503 F.3d 687, 691 n. 3 (8th Cir. 2007).

IV.     **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of May 2013.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE